# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

| | |
|---|---|
| **JACK JOHNSTON**, individually and on behalf of those similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **CASE NO.:** 4:17-CV-51-JHM<br>)<br>) |
| **J&B MECHANICAL, LLC,** | )<br>) |
| Defendant. | ) |

## COMPLAINT AND REQUEST FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Jack Johnston ("Johnston"), individually and on behalf of those similarly-situated, by counsel, brings this action against Defendant, J&B Mechanical, LLC, ("Defendant") alleging failure to pay overtime compensation in violation of the Fair Labor and Standards Act ("FLSA), 29 U.S.C. § 201 *et seq*. and Kentucky state law.

### II. PARTIES

2. Johnston is a resident of the Commonwealth of Kentucky and has resided within the geographic boundaries of the Western District of Kentucky at all relevant times.

3. Defendant maintains offices and conducts business within the geographic confines of the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331; 28 U.S.C. §1367; and 29 U.S.C. § 216(b).

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 203(d).

1

6. Johnston, at all times relevant hereto, was an "employee" as that term is defined by 29 U.S.C. §203(e)(1).

7. Defendant is subject to the FLSA because its employees engaged in commerce and Defendant generates an annual gross volume of sales made or business done in excess of $500,000.00.

8. This Court has supplemental jurisdiction over Johnston's Kentucky state law claims pursuant to 28 U.S.C. §1367.

9. All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus venue is proper in this Court.

IV. FACTUAL ALLEGATIONS

10. Defendant is a corporation that serves the Feed, Grain and General Industries, specializing in construction, millwright, fabrications, demolitions, riggings, inspections and preventative maintenance.

11. Defendant hired Johnston in 2009, as a Field Foreman to supervise other employees and perform millwright work.

12. At all times relevant, Johnston was a non-exempt employee who was entitled to be paid time and a half for hours over forty (40) worked in any workweek.

13. Over the last year or so, Johnston was paid nineteen ($19) per hour for "in town" work and twenty-one ($21) dollars per hour for "out-of-town" or "overnight" work. Johnston was also paid twenty-five (.25) per mile for travel time. Before this time period, Johnston was paid even less.

14. Johnston would supervise a crew composed of two (2) to three (3) other employees in addition to himself. The Defendant would have three (3) to four (4) crews at any one time comprised of the same number of employees.

15. Johnston worked a majority of his work hours on "out-of-town" work. Johnston estimates that he worked fifty (50) to sixty (60) hours per work week and seven (7) to ten (10) of those hours were travel time.

16. For "out-of-town" work, Johnston and the other members of the crew would meet at the Defendant's facility to load up the tools and materials needed into the Defendant's truck and then drive to the work location as assigned by the Defendant. Then, after the work was completed, Johnston and his crew would drive back to the Defendant's facility, unload the truck and head home.

17. The hours Johnston and the other similarly-situated employees spent traveling for work were not counted towards their work hours for calculation and payment of overtime wages by the Defendant.

18. Johnston is similarly-situated to Defendant's other Field Foremen and Laborers in that the common practice and policy of refusing to pay overtime at a rate of not less than one and one-half times their regular rate of pay affected all current and former Field Foremen and Laborers who worked "out-of-town" for Defendant ("Members of the Class").

19. Johnston is similarly-situated to the Members of the Class because they all were Field Foremen and Laborers; they were all paid hourly rates of pay; and they were all subject to Defendant's unlawful policy and practice of refusing to properly pay overtime wages for work performed in excess of forty hours.

20. Defendant's failure to pay overtime compensation as required by the FLSA results from a policy or practice applicable to Johnston and the Members of the Class. Application of this policy or practice does not depend on the personal circumstances of Johnston or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime to Johnston applied to all Members of the Class. Accordingly, the class is properly defined as: *All current and former Field Foremen and Laborers (or their functional equivalents) who have performed "out of town" work for Defendant and were paid mileage for travel time, but whose travel hours were not counted for overtime calculations and payment.*

21. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to properly pay overtime compensation with respect to Johnston and the Members of the Class.

## V. CAUSES OF ACTION

### COUNT I: FLSA – Failure To Pay Overtime

22. Johnston hereby incorporates paragraphs one (1) through twenty-one (21) of his Complaint as if the same were set forth at length herein.

23. Johnston and Members of the Class are non-exempt employees of Defendant who engaged in commerce and/or in an enterprise engaged in commerce.

24. Defendant intentionally and willfully failed to compensate Johnston and Members of the Class at least one and one-half times the minimum wage rate of pay for time they spent performing work-related duties/traveling for work in excess of a workweek of forty (40) hours.

25. Johnston and Members of the Class are entitled to recover from Defendant all compensation which they earned, as well as liquidated damages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*.

26. Defendant's actions in denying Johnston and Members of the Class their overtime compensation are intentional, willful, and/or done with reckless disregard for their statutory rights.

27. Johnston and Members of the Class have suffered damages as a result of the Defendant's failure to pay overtime compensation.

## COUNT II: Kentucky State Law – Failure To Pay Overtime

28. Johnston hereby incorporates paragraphs one (1) through twenty-seven (27) of his Complaint as if the same were set forth at length herein.

29. Defendant intentionally and willfully failed to compensate Johnston and Members of the Class at least one and one-half times the minimum wage rate of pay for time they spent performing work-related duties/traveling for work in excess of a workweek of forty (40) hours.

30. Johnston and Members of the Class are entitled to recover from Defendant all overtime compensation which they earned, as well as liquidated damages pursuant to Kentucky State Law, KRS 337.285.

31. Defendant's actions in denying Johnston and Members of the Class overtime compensation are intentional, willful, and/or done with reckless disregard for their statutory rights.

32. Johnston and Members of the Class have suffered damages as a result of the Defendant's failure to pay.

## COUNT III- Unjust Enrichment

33. Johnston hereby incorporates paragraphs one (1) through thirty-three (33) of his Complaint as if the same were set forth at length herein.

34. Defendant has failed and/or refused to pay overtime compensation due to Johnston and Members of the Class for their labor and services rendered during their tenure as an employee of Defendant.

35. Defendant has been unjustly enriched by keeping funds which are the property of Johnston and Members of the Class.

### COUNT IV- Conversion

36. Johnston hereby incorporates paragraphs one (1) through thirty-five (35) of his Complaint as if the same were set forth at length herein.

37. Defendant knowingly or intentionally exerted unauthorized control over Johnston and Members of the Class' wages when it unlawfully failed to pay overtime compensation due to Johnston and Members of the Class.

38. Johnston and Members of the Class have suffered damages as a result of Defendant's actions.

### VI. Request for Relief

WHEREFORE, Plaintiff, Jack Johnston, and all employees similarly-situated who join this action, respectfully request that this Court enter judgment in their favor and award the following relief:

  A. Payment to Plaintiff (and those who have joined the suit) of all unpaid overtime compensation;

  B. Payment to Plaintiff (and those who have joined the suit) of liquidated damages for all unpaid overtime compensation;

  C. Payment to Plaintiff (and those who have joined the suit) of punitive damages for Defendant's failures and/or malice and willful actions;

D. Payment to Plaintiff (and those who have joined the suit) of compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

E. Order injunctive relief sufficient to insure that Defendant ceases and desists from further unlawful employment practices in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*;

F. Order Defendant to pay pre-judgment and post-judgment interest to Plaintiff (and those who join the suit);

G. Order Defendant to pay Plaintiff (and those who join the suit) costs and attorney fees; and

H. Order all other relief this Court deems just and proper.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych
Andrew Dutkanych, #23551-49
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

## DEMAND FOR JURY TRIAL

Plaintiff, Jack Johnston, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych
Andrew Dutkanych, #23551-49
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com