# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**CIVIL ACTION NO. 4:17CV-00051-JHM**

**JACK JOHNSTON, individually and on behalf of those similarly situated**       **PLAINTIFF/COUNTER-DEFENDANT**

**V.**

**J&B MECHANICAL, LLC**       **DEFENDANT/COUNTERCLAIMANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Plaintiff, Jack Johnston, to conditionally certify a collective action and to facilitate notice to collective plaintiffs [DN 14]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

Plaintiff, Jack Johnston, filed a civil action against Defendant, J&B Mechanical, LLC, alleging that J&B Mechanical failed to pay the correct amount of overtime compensation to Johnston and others similarly situated in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (Complaint ¶1.) Johnston was employed by J&B Mechanical from July 18, 2009, through January 21, 2017, as a millwright laborer and a field foreman. Johnston alleges that he was one of an estimated 40 to 80 individuals employed by J&B Mechanical in the past few years as millwrights who served in the capacity of a helper, laborer, or field foreman. Johnston represents that all such personnel performed substantially the same work for the company as millwrights. Johnston avers that in a normal work week, he would work 50 to 70 hours or more for J&B Mechanicals, and approximately seven to 10 of those hours were spent in travel time to out-of-town work sites. Johnston alleges that J&B Mechanical did not count its

millwrights' travel time towards their total number of hours worked for calculation and payment of hourly overtime wages in violation of the FLSA.

J&B Mechanical filed an answer denying that it failed to pay the correct amount of overtime compensation. (Answer ¶¶ 17-27.) Contemporaneously with its answer, J&B Mechanical filed a counterclaim against Johnston alleging that Johnston "engaged in a pattern and practice of fraud, misrepresentation, disloyalty, and deceit" with respect to time he reported working at or while traveling to or from out-of-town worksites. (Counterclaim ¶¶ 8-9.) Johnston now moves the Court to conditionally certify a class of current and former field foremen, laborers, or helpers, or other functional equivalents, to approve notice to advise putative plaintiffs of their rights under the FLSA, and to furnish them an opportunity to opt-in to this action. J&B Mechanical opposes the conditional certification and certain aspects of Johnston's proposed notice.

## II. DISCUSSION

The Fair Labor Standards Act ("FLSA") mandates that "'employers pay a federally-established minimum wage, as well as overtime, to certain types of employees.'" Tassy v. Lindsay Entertainment Enterprises, Inc., 2017 WL 938326, *2 (W.D. Ky. Mar. 9, 2017)(quoting Boaz v. FedEx Customer Info. Servs., Inc., 725 F.3d 603, 605 (6th Cir. 2013) (citing 29 U.S.C. §§ 206(a), 207(a)). To enforce that mandate, the FLSA provides that an employee may bring a claim "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). A collective action under the FLSA permits similarly situated employees to "opt in" to the action, unlike the opt-out approach typically utilized under Federal Rule of Civil Procedure 23. "An opt-in action under § 216(b) prohibits any person from becoming a party plaintiff in the collective action unless he or she files a written consent with the Court; therefore, these similarly

situated employees must be notified of the lawsuit." Ross v. Jack Rabbit Servs., LLC, 2014 WL 2219236, at *2 (W.D. Ky. May 29, 2014)(citing Comer v. Wal–Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006)).

In the first stage, "which takes place at the beginning of discovery, the Court must determine whether to conditionally certify the collective action and authorize the distribution of notice to putative class members." Tassy, 2017 WL 938326, *2 (citing Comer, 454 F.3d at 546–47). Because conditional certification decisions generally are made prior to discovery, "a plaintiff's evidentiary burden is not a heavy one." Ross, 2014 WL 2219236, *2. "Conditional certification requires only a modest factual showing that the putative opt-plaintiffs are 'similarly situated' to the named plaintiff." Tassy, 2017 WL 938326, *2 (citing White v. Baptist Memorial Health Care Corp., 699 F.3d 869, 877 (6th Cir. 2012)). "At this stage, courts generally consider the pleadings and any affidavits which have been submitted." Green v. Platinum Restaurants Mid-America, LLC, 2015 WL 6454856, at *1 (W.D. Ky. Oct. 26, 2015). The initial certification is "conditional and by no means final." Comer, 454 F.3d at 546.

The second stage occurs "after 'all of the opt-in forms have been received and discovery has concluded.'" Comer, 454 F.3d at 546 (citation omitted). "In making its final-certification decision, the Court scrutinizes a number of factors, such as "the 'factual and employment settings of the individual[ ] plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, [and] the degree of fairness and procedural impact of certifying the action as a collective action.'" Tassy, 2017 WL 938326, *2 (quoting O'Brien v. Ed Donnelly Enterprises, 575 F.3d 567, 584 (6th Cir. 2009)(alterations in original) (quoting 7B Charles Alan Wright et al., Federal Practice and Procedure § 1807, at 497 n.65 (3d ed. 2005)). "Regardless of

the stage, the lead plaintiff bears the burden of 'showing that the opt-in plaintiffs are similarly situated." Tassy, 2017 WL 938326, *2 (citing Wright et al., *supra*, § 1807, at 476 n.21).

A. **Conditional Certification**

The Court finds that Johnston has provided sufficient factual support to merit conditional certification of a collective action. "In order to show that conditional certification is proper, all that [Johnston] must show at this stage is that [his] 'position is similar, not identical, to the positions held by the putative class members.'" Tassy, 2017 WL 938326, *2 (quoting Comer, 454 F.3d at 546-47.). Here, Johnston submitted an affidavit stating that all hourly, non-exempt employees of J&B Mechanical in the positions of field foremen, laborers, helpers, or other functional equivalents, were for all wage and hour purposes treated similarly. Johnston avers that while working on a job site, all members of the crew did essentially the same type of work, regardless of whether they were classified by the company as field foremen, laborers, or helpers. (Johnston Aff. ¶ 8.) According to Johnston, all of these employees received pay at differential rates, based on whether they were working on "in-town" or on "out-of-town" jobs. (Johnston Aff. ¶¶ 15, 19, 22.) These employees received mileage payments when working on "out-of-town" jobs, in lieu of hourly overtime wages. (Id.) Johnston represents that he worked and rode with other field foremen and millwrights on extended travel duty for J&B Mechanical. (Id. ¶¶ 21-22.) Based on his discussions with other co-workers, Johnston avers that he has been able to determine that the pay scheme enacted by J&B Mechanical is applicable across the board. (Id. at ¶¶15-22.) In fact, Johnston specifically lists 19 other individuals that he contends did not receive the correct amount of overtime pay. (Id. at ¶ 20.)

J&B Mechanical disagrees. It asks the Court to deny conditional certification of the collective action arguing that Johnston has failed to meet his burden of proving that he is

similarly situated to other members of the putative collective action. The Court will address these arguments in turn.

First, J&B Mechanical argues that it has filed several counterclaims, including breach of duty of loyalty, fraud, negligent misrepresentation, and unjust enrichment, against Johnston which renders him a poor representative of the putative collective action. J&B Mechanical maintains that he over-reported his hours worked and claimed entitlement to "per diem" payments on days that such payments were not earned pursuant to the company's policy. J&B Mechanical also suggests that the counterclaims bring Johnston's credibility into question. At the first stage, district courts within the Sixth Circuit do not "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." Bradford v. Logan's Roadhouse, Inc., 137 F. Supp. 3d 1064, 1072 (M.D. Tenn. 2015); Shipes v. Amurcon Corp., 2012 WL 995362, at *5 (E.D. Mich. Mar. 23, 2013); Myers v. Marietta Mem'l Hosp., 201 F. Supp. 3d 884, 891 (S.D. Ohio 2016). While J&B Mechanical's counterclaims may be meritorious, the Court finds it inappropriate to engage in a merits analysis at this stage of the action in order to determine whether a conditional certification is warranted.

Second, J&B Mechanical asserts that conditional certification is inappropriate because Johnston is likely subject to the motor carrier exemption under the FLSA, 29 U.S.C. § 213(b)(1). The motor carrier exemption provides that overtime pay requirements are not applicable to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to provisions of [the Motor Carrier Act]." 29 U.S.C. § 213(b)(1). "Courts generally do not evaluate the legality of the challenged policy or the applicability of an FLSA exemption at this stage of the certification process." Williams v. King Bee Delivery, LLC, 2017 WL 987452, *4 (E.D. Ky. Mar. 14, 2017)(citing Bradford, 137 F.

Supp. 3d at 1072); Waggoner v. U.S. Bancorp, 110 F. Supp. 3d 759, 769 (N.D. Ohio 2015) ("It would be inappropriate to consider the merits of defendant's defense at this time, before the record has been developed."). Because this argument is premature, the Court need not consider it further.

Third, J&B Mechanical argues the potential applicability of the motor carrier exemption would predominate the collective litigation requiring a fact-intensive analysis of each employee's job to determine whether the exemption applies. Again, this argument is more appropriately discussed in the final certification stage. As noted above, courts consider "the factual and employment settings of the individual[] plaintiffs" at the final certification stage. Williams, 2017 WL 987452, *5 (citing O'Brien, 575 F.3d at 584). See also Waggoner, 110 F. Supp. 3d at 769-770 (finding that evidence of plaintiffs' varying job duties is best reserved for second stage of the process). The possibility that individual issues will predominate is a matter that the Court will consider at the second stage.

Finally, J&B Mechanical argues that Johnston's proposed opt-in group is overbroad demonstrating the limited personal knowledge on which Johnston bases his claim that he is similarly situated to other employees. J&B Mechanical further argues that conditional certification should be denied because Plaintiff has provided no indication that any other employees have shown an interest in asserting a claim against Defendant. As noted above, "[c]onditional certification requires only a modest factual showing that the putative opt-in plaintiffs are 'similarly situated' to the named plaintiff." Tassy, 2017 WL 938326, *2. In his affidavit, Johnston represents that he worked and rode with other field foremen and millwrights on extended travel duty for J&B Mechanical and discussed the pay scheme with those workers. (Johnston Aff. at ¶¶ 15-22.) In fact, Johnston specifically lists 19 other individuals that he

6

contends did not receive the correct amount of overtime pay. (Id. at ¶ 20.) Johnston's affidavit clearly demonstrates personal knowledge on which he bases his claim. Furthermore, the purpose of the conditional certification stage is not to determine if potential plaintiffs will join, but to actually give them notice of the pending collective action so they can decide whether to opt-in to the lawsuit.

For these reasons, the Court finds that Johnston has come forward with the modest factual showing sufficient to satisfy the fairly lenient standard governing conditional certification of collective actions under the FLSA. Accordingly, the Court will grant Johnston's request for conditional certification.

**B. Proposed Notice**

After the class is conditionally certified, the Court must determine if the proposed notice is fair and accurate to properly inform prospective plaintiffs of the action. Green v. Platinum Restaurants Mid-America, LLC, 2015 WL 6454856, at *3 (W.D. Ky. Oct. 26, 2015). "A class action depends 'on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.'" Id. (citation omitted). "'[A] district court has discretion to facilitate notice to potential plaintiffs.'" Id. (quoting Bassett v. Tennessee Valley Auth., 2010 WL 3092251, at *2-3 (W.D. Ky. Aug. 5, 2010) (citation omitted)). J&B Mechanical objects to portions of Johnston's proposed notice to the potential class members.

**1. The Opt-In Time Period**

J&B Mechanical argues that the requested opt-in period of 60 days from the date of mailing of notice of the proceeding to putative plaintiffs is indefinite and excessive. J&B Mechanical maintains that because the collective group is located at a single facility in a small

town, J&B Mechanical proposes a lesser period of 30 to 45 days. Further, J&B Mechanical contends that the opt-in period should run from the date of the court order granting conditional certification, not from the date Plaintiff's counsel decides to mail the notices.

The Court finds that the opt-in time is appropriate. "A sixty-day notice-period is necessary to provide each possible class member with the opportunity to make an informed decision about whether to opt-in to this collective action." Tassy, 2017 WL 938326, *4. A notice period of this length will not needlessly delay the resolution of the litigation. Id. Furthermore, district courts in the Sixth Circuit routinely order the 60 day opt-in period to commence from the date of mailing the notice and consent forms to putative plaintiffs. Williams, 2017 WL 987452, *7; Tassy, 2017 WL 938326, *4. The Court will direct counsel when to mail the notice and consent form to the putative plaintiffs.

### 2. Phone Numbers of Putative Plaintiffs

J&B Mechanical objects to Johnston's request for the telephone numbers of J&B Mechanical's current and former employees. J&B Mechanical objects arguing that Johnston has not established that the company is unwilling or unable to provide the correct mailing addresses for its employees or other reasons that would make the request for personal telephone numbers remotely appropriate. However, district courts within the Sixth Circuit consistently require the production of telephone numbers of members of the notice group. See Tassy, 2017 WL 938326, *5; Ross, 2014 WL 2219236, *4.

### 3. Proposed Notice and Opt-In Form

J&B Mechanical argues that the content of Johnston's proposed notice and consent form contains a number of deficiencies and requires substantial revision. Without providing reasons for the objections or providing authority to support the revisions, J&B Mechanical attaches a

redlined version of the notice showing its proposed alterations.  A review of the redlined forms tendered by J&B Mechanical reflects three main issues that must be addressed.

### *a. Description of the Group of Notice Recipients*

Johnston seeks to provide notice of the collective action to: "All current and former employees of J&B Mechanical, LLC who held hourly, non-exempt positions as 'Field Foreman,' 'Laborer,' 'Helper,' or other functionally equivalent positions, who worked during the three (3) year period prior to filing the attached Consent form." (DN 14-3 at 1.)  J&B Mechanical suggests that the description of the group entitled to receive notice of this proceeding should be narrowed to: "Those millwrights who worked for J&B Mechanical, LLC from _____, 2014 to the present who engaged in work-related travel such that their travel time, when added to their other working hours, exceeding forty hours in a workweek and who were not paid time and a half for those hours worked in excess of forty in a given workweek." (DN 17-9, DN 17-11 at 1.)

The Court finds J&B Mechanical's proposed description of the notice group is too narrow and could confuse potential opt-in plaintiffs and deter them from participating in this action.  See Williams, 2017 WL 987452, *6.  As noted by Johnston, the potential opt-in plaintiffs may not recall how many hours they worked in a given week, or whether or how the hours were split between work-related travel and other hours spent on the job.  Further, the potential opt-in plaintiffs who were or are employed as field foremen may not immediately think of themselves as millwrights falling within the description of those having potential claims against Defendant. "Moreover, defining the Notice Group in broader terms best serves the remedial objectives of the FLSA."  Id.  If, after discovery, the parties find that an opt-in plaintiff "did not work more than forty hours per week without receiving overtime wages, then he or she will simply be regarded as a member of the collective action with no damages."  Id.

*b. Description of the Proceeding*

In its proposed changes to the notice, J&B Mechanical removes almost the entire Introduction section. Johnston's proposed Introduction section provides:

> The purpose of this Notice is to advise you that there is currently pending, in the United States District Court for the Western District of Kentucky, a collective action filed pursuant to the Fair Labor Standards Act (FLSA) which may affect the rights of any person employed (or formerly employed) by J&B Mechanical, LLC, who worked in excess of forty (40) hours a week but was not paid the correct amount of overtime wages. This Notice is further to advise you how to join this lawsuit if you wish to do so and what obligations you may incur if you decide to join the lawsuit.

(Plaintiff's Proposed Notice, DN 14-3.) J&B Mechanical seeks to alter the Introduction in the following manner:

> The purpose of this Notice is (1) to inform you of a lawsuit against J&B Mechanical, LLC which you may have the right to join, (2) to advise you of how your rights may be affected by this suit, and (3) to instruct you how to participate in the suit should you decide to do so. This Notice does not mean that you have a valid claim or that you are entitled to any monetary recovery. Any such determination shall be made by the Court.

(Defendant's Proposed Notice, DN 17-9 at 1.) Johnston objects to this change arguing that the purpose of a conditional notice is to provide those employees that are potentially affected by the proceeding accurate and timely notice of the collective action, "so that they can make informed decisions about whether to participate." (Plaintiff's Reply at 11-12.)

The Court has reviewed notices in similar collective actions in the Kentucky federal district courts. The Court approves the following language:

> The purpose of this Notice is to inform you of the existence of a collective action lawsuit brought against J&B Mechanical, LLC in the United States District Court for the Western District of Kentucky pursuant to the Fair Labor Standards Act ("FLSA") which may affect the rights of any person employed or formerly

employed by J&B Mechanical, LLC, who worked in excess of forty (40) hours a week but was not paid the correct amount of overtime wages. This Notice serves to inform you of the rights that you may have in connection with the lawsuit and to instruct you how to join the lawsuit should you decide to do so.

This Notice is for the purpose of determining the identity of those persons who want to be involved in this lawsuit. Although the Court has authorized notice to be sent, the Court has taken no position regarding the merits of the case.

### c. Role of Plaintiff's Counsel

J&B Mechanical suggests the addition of the following language in the proposed notice: "[i]f you chose to join this suit, you may choose to be represented by Biesecker Dutkanyeh & Macer, LLC, who are the attorneys for Plaintiff Jack Johnston." Additionally, in its proposed modification to the consent form, J&B Mechanical requests the Court to provide prospective plaintiffs the opportunity to join the action and designate another attorney. As a result of these proposed changes, Johnston argues that J&B Mechanical is attempting to direct putative plaintiffs away from Plaintiff's counsel of record in this case. "[S]everal courts within the Sixth Circuit have observed that 'Plaintiffs' counsel is counsel of record; and, if any potential plaintiff chooses to opt-in, that plaintiff will be represented by Plaintiffs' counsel.'" Williams, 2017 WL 987452, *9 (quoting Fisher v. Michigan Bell Tele. Co., 665 F. Supp. 2d 819, 829 (E.D. Mich. 2009)); see also Gomez v. ERMC Prop. Mgmt. Co., LLC, 2014 WL 3053210, at *2 (N.D. Ohio July 7, 2014) (citing Adams v. Inter-Con Sec. Sys., Inc., 242 F.R.D. 530, 541 (N.D. Cal. 2007)) (concluding that the invitation to bring additional counsel into the lawsuit likely would defeat the efficient operation of the litigation). "Because the addition of attorneys in this case would likely diminish the efficiency of the collective action mechanism," and because Johnston's proposed notice clearly states that potential opt-in plaintiffs may decide not to be included in this lawsuit

and may "pursue [their] own claim or lawsuit at [their] own cost and with [their] own counsel," the Court sees no need to incorporate J&B Mechanical's suggested language. Williams, 2017 WL 987452, *9.

### *d. Additional Changes*

Defendant has made additional suggested changes to the notice and the consent form. Neither party has addressed those changes in their briefs. The Court is confident that the parties can come to an agreement regarding the remaining issues. Accordingly, the parties shall confer regarding the notice and submit a proposed notice revised in accordance with this opinion no later than fifteen (15) days from the date of this opinion. If the parties still disagree as to any specific language in the notice and opt-in consent form, the parties shall identify the disputed language along with the party's proposed language and supporting authority, and the Court will resolve the dispute. Furthermore, the parties shall include the appropriate headings on the notice and consent form to reflect the court, division, case number, and style of the case.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Plaintiff, Jack Johnston, to conditionally certify a collective action and to facilitate notice to collective plaintiffs [DN 14] is **GRANTED**;

**IT IS FURTHER ORDERED** that within fifteen (15) days of the date of entry of this order, Defendant shall provide to Plaintiff the contact information for all putative class members, including their names, last known addresses, and last known telephone numbers;

**IT IS FURTHER ORDERED** that within fifteen (15) days of entry of this order, the parties shall confer and file with the Court an agreed-upon notice and consent form consistent with this opinion for Court approval. If the parties disagree as to any specific language in the

notice and opt-in consent form, the parties shall identify the disputed language along with supporting memoranda and each party's proposed language;

**IT IS FURTHER ORDERED** that within fifteen (15) days of approval of the notice and consent form by the Court, Plaintiff shall send the notice and consent form by first-class mail to all potential plaintiffs;

**IT IS FURTHER ORDERED** that all members of the Notice Group shall be provided sixty (60) days from the date of mailing the notice and consent form to opt-in to this lawsuit;

**IT IS FURTHER ORDERED** that all consent forms will be deemed to have been filed with the Court the date they are stamped as received, and Plaintiff's counsel shall file them electronically on a weekly basis, at a minimum;

**IT IS FURTHER ORDERED** that the parties shall file a joint status report, detailing their compliance with this Order, within fifteen (15) days of the close of the opt-in period.

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

September 1, 2017