# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

| | |
|---|---|
| JACK JOHNSTON, et al., ) | |
| ) | |
|     PLAINTIFFS/COUNTER- ) | **Electronically Filed** |
|     DEFENDANTS, ) | |
| ) | |
| v. ) | Civil Action No. 4:17-CV-00051-JHM |
| ) | |
| J&B MECHANICAL, LLC, ) | |
| ) | |
|     DEFENDANT/ ) | |
|     COUNTERCLAIMANT. ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Defendant/Counterclaimant J&B Mechanical, LLC, jointly with named plaintiff Jack Johnston and opt-in plaintiffs[1] (collectively "Plaintiffs" and together with Defendant, the "Parties"), through their undersigned counsel, move this Court for entry of an Order approving the settlement of the above-captioned lawsuit. A proposed order is attached. In support of this motion, the Parties state as follows:

1.    On March 22, 2018, the Parties filed a Report of Parties' Planning Meeting. (DN 48). Therein, the Parties agreed to early discovery as to potential damages. Pursuant to this agreement, the Parties exchanged documents necessary to determine the potential damages associated with both the Plaintiffs' overtime wage claims and the Defendant's counterclaims. The early discovery plan was intended to facilitate the Parties' early settlement negotiations and to explore settlement before the Parties incurred litigation costs and expenses.

---

[1] Ten individuals, including Mr. Johnston, joined this suit during the applicable opt-in period and remain as active opt-in plaintiffs: Joey Floyd, Michael Fulkerson, Jason Hedgepath, Jonathan Hill, David Kitchens, Scott Moore, Chad Pryor, Hugh Rowe, and Brandon Tate. Former plaintiff Steven Brown joined this action but later withdrew his consent to become a party plaintiff. (DN 50, Brown Withdrawal).

2. Following the exchange of early discovery, the Parties engaged in settlement negotiations over the telephone and via email over a period of several months. As a result of these extensive negotiations, Plaintiffs and Defendant have reached an agreement to settle this matter.

3. The terms of the settlement are set forth in a confidential Settlement Agreement and General Release (the "Agreement"), a copy of which is being provided via hand-delivery to the District Judge's Case Manager, contemporaneously with the filing of this joint motion, for the Court's *in camera* review.[2] Counsel for the Parties represent that the Agreement entered into by the Parties is an arm's-length compromise reached after extensive negotiations.

4. The Parties agree that they have reached an Agreement that is a fair and reasonable resolution of a bona fide dispute over Fair Labor Standards Act ("FLSA") claims, including an award of reasonable attorney fees, costs, and litigation expenses for Plaintiffs' counsel, and that they are resolving the matter to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation.

5. There are two ways in which claims under the FLSA can be settled and released by employees. First, Section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the settlement is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee or employees against an employer under Section 216(b), employees may settle and release FLSA claims against an employer if the parties present the District Court with a proposed settlement and the District Court approves the

---

[2] The Parties agree and acknowledge that the confidentiality of the Agreement is a material term that was critical to their mutual consent to the Agreement. If the Court would prefer that the Agreement be filed under seal, the Parties are happy to oblige.

settlement. *Id*.; *see also Schulte, Inc. v. Gangi*, 328 U.S. 108, 133 n.8 (1946); *Jarrad v. S.E. Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).

6. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the District Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. To be clear, in light of the fact that this matter was filed as a collective action, the parties are submitting this settlement agreement for Court approval solely because it resolves claims under the FLSA. The settlement here is *not* a class action settlement, as there are no absent parties affected by it, and thus there is no need to consider Rule 23(e).

7. The Agreement reflects a reasonable compromise over the issues that the District Court may approve in order to resolve and release the Plaintiffs' FLSA claims against Defendant. The Agreement arises out of an action brought by the Plaintiffs against their former employer, which was adversarial in nature. As this Court is aware, this action has been hard fought by both sides, and the Agreement is the product of comprehensive discovery on the issue of potential damages, complex dispositive motion practice, and arm's length negotiations by experienced counsel.

8. The Parties agree that this Action involves numerous bona fide disputes under the FLSA. Throughout this litigation, Defendant has asserted—and Plaintiffs have disputed—that Plaintiffs were not entitled to overtime because Plaintiffs: (1) were properly classified as exempt pursuant to the "Motor Carrier Act" exemption to the FLSA; (2) and they over-reported their hours worked and claimed entitlement to "per diem" payments on days that such payments were not earned pursuant to Defendant's policy. Indeed, Defendant filed common law counterclaims

of breach of duty of loyalty, fraud, negligent misrepresentation, and unjust enrichment seeking recovery for Plaintiffs' submission of timesheets that over-reported hours worked and "per diems" earned. Defendant has also contended that it could not be held liable for liquidated damages because Defendant at all times had acted in good faith and with reasonable grounds for believing its acts or omissions were not in violation of the FLSA.

9. The Parties, acting with the advice of counsel, agree that the settlement reflects a fair and reasonable compromise over issues that are in dispute. Accordingly, the Parties respectfully request that the Court approve the Parties' settlement and enter the proposed order tendered herewith.[3]

Respectfully submitted,

| | |
|---|---|
| s/ Kyle F. Biesecker (w/permission) | s/ Steven T. Clark |
| Kyle F. Biesecker | John O. Sheller |
| Andrew Dutkanych | Jeffrey A. Calabrese |
| Biesecker Dutkanych & Macer, LLC | Steven T. Clark |
| 411 Main Street | Stoll Keenon Ogden PLLC |
| Evansville, Indiana 47708 | 500 W. Jefferson Street, Suite 2000 |
| kfb@bdlegal.com | Louisville, Kentucky 40202 |
| ad@bdlegal.com | john.sheller@skofirm.com |
| | jeff.calabrese@skofirm.com |
| and | steven.clark@skofirm.com |
| | |
| Lane C. Siesky | *Counsel for Defendant/Counterclaimant* |
| Karolina Viehe | |
| Douglas K. Briody | |
| Siesky Law Firm, PC | |
| 4424 Vogel Road, Suite 405 | |
| Evansville, Indiana 47715 | |
| lane@sieskylaw.com | |
| karolina@sieskylaw.com | |
| doug@sieskylaw.com | |

*Counsel for Plaintiffs/Counter-Defendants*

---

[3] Should the Court grant their motion, the Parties anticipate filing a Fed. R. Civ. P. 41 joint stipulation of dismissal with prejudice within approximately one week, per the terms of the Agreement.

## CERTIFICATE OF SERVICE

  I hereby certify that the foregoing was served via the Court's electronic filing system, which will send notification to all counsel of record.

s/ Steven T. Clark<br>
<em>Counsel for Defendant/Counterclaimant</em>

120863.157164/1657048.1