# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

| | |
|---|---|
| JACK JOHNSTON, et al., ) | |
| ) | |
|     PLAINTIFFS/COUNTER- ) | Electronically Filed |
|     DEFENDANTS, ) | |
| ) | |
| v. ) | Civil Action No. 4:17-CV-00051-JHM |
| ) | |
| J&B MECHANICAL, LLC, ) | |
| ) | |
|     DEFENDANT/ ) | |
|     COUNTERCLAIMANT. ) | |

## JOINT MOTION FOR LEAVE TO FILE CONFIDENTIAL SETTLEMENT AGREEMENT UNDER SEAL

Defendant/Counterclaimant J&B Mechanical, LLC, jointly with named plaintiff Jack Johnston and nine other opt-in plaintiffs[1] (together with Defendant, the "Parties"), through their undersigned counsel, and pursuant to Local Rule 5.7, move this Court for entry of an Order permitting the Parties to file their confidential settlement agreement under seal. A proposed order is attached.

## LAW AND ANALYSIS

As explained in more detail in the Parties' Joint Motion for Approval of Settlement (DN 55), the Parties have reached a settlement in this Fair Labor Standards Act ("FLSA") action that reflects a reasonable compromise over issues actually in dispute. The terms of the settlement are set forth in a confidential Settlement Agreement and General Release (the "Agreement").

The FLSA generally requires parties to submit any proposed settlement to the Court for approval. *See, e.g.*, *Schulte, Inc. v. Gangi*, 328 U.S. 108, 133 n.8 (1946); *Ross v. Jack Rabbit*

---

[1] Ten individuals, including Mr. Johnston, joined this suit during the applicable opt-in period and remain as active opt-in plaintiffs: Joey Floyd, Michael Fulkerson, Jason Hedgepath, Jonathan Hill, David Kitchens, Scott Moore, Chad Pryor, Hugh Rowe, and Brandon Tate.

*Servs., LLC*, 2016 U.S. Dist. LEXIS 173292, at *4-5 (W.D. Ky. Dec.15, 2016). The FLSA does not, however, require that the settlement be entered on the public docket. While the public generally has an interest in access to judicial records, this interest may be overridden by the Parties' interest in confidentiality, which is a critical aspect of the Parties' agreement to settle this dispute. *See Johnson v. Corr. Corp. of Am.*, 2014 U.S. Dist. LEXIS 111771, at *1 (W.D. Ky. Aug. 13, 2016) (right of public access to records is not absolute); *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) ("Parties who settle a legal dispute rather than pressing it to resolution by the court often do so, in part anyway, because they do not want the terms of the resolution to be made public.").

Indeed, courts routinely permit litigants to file FLSA settlement agreements under seal. *See, e.g.*, *Medley v. Am. Cancer Soc'y*, 2010 U.S. Dist. LEXIS 75098, at *1 n.1 (S.D.N.Y. July 23, 2010) ("Because the terms of the settlement agreement are confidential, it will be filed under seal."); *Dillworth v. Case Farms Processing, Inc.*, 2010 U.S. Dist. LEXIS 20446, at *2 (N.D. Ohio Mar. 8, 2010) (proposed FLSA settlement agreement filed under seal); *Perez v. Carey Int'l, Inc.*, 2008 U.S. Dist. LEXIS 110612, at *6 (S.D. Fla. Sept. 26, 2008) (noting "[c]onfidentiality is often an important element in successful settlements" and recounting that the court conducted an *in camera* review of FLSA settlement agreement). These cases demonstrate that FLSA settlement agreements may be filed under seal where the Parties show that their interests outweigh the public's interest in access to judicial records. *See Green v. Hepaco, LLC*, 2014 U.S. Dist. LEXIS 83155, at *4 (W.D. Tenn. June 12, 2014).

Here, the Parties agree that the confidentiality of their Agreement is a material term that was critical to their mutual consent to the Agreement. Any public interest in the settlement terms is minimal and greatly outweighed by the strong public policy favoring confidential settlement

negotiations and the prompt settlement of litigation. *See Mitcham v. Intrepid U.S.A., Inc.*, 2019 U.S. Dist. LEXIS 88864, at *10 (W.D. Ky. May 28, 2019) (citations omitted) (recognizing "policy of encouraging the settlement of litigation" in context of FLSA collective action proceeding). Further, an order permitting the Parties to file the Agreement under seal is consistent with practice in this Court. *See* Order Allowing Filing Under Seal of Settlement Agreement and Joint Motion for Approval of Settlement Agreement, *Brittany Rogers v. The Webstaurant Store, Inc.*, 4:18-CV-00074-JHM, DN 89 (Mar. 28, 2019). The Parties therefore respectfully request leave to file their Agreement under seal.

## CONCLUSION

For the above-stated reasons, the Court is respectfully requested to enter an order permitting the Parties to file their confidential Agreement under seal.

Respectfully submitted,

| | |
|---|---|
| *s/Lane C. Siesky (w/permission)* | *s/Steven T. Clark* |
| Kyle F. Biesecker | John O. Sheller |
| Andrew Dutkanych | Jeffrey A. Calabrese |
| Biesecker Dutkanych & Macer, LLC | Steven T. Clark |
| 411 Main Street | Stoll Keenon Ogden PLLC |
| Evansville, Indiana 47708 | 500 W. Jefferson Street, Suite 2000 |
| kfb@bdlegal.com | Louisville, Kentucky 40202 |
| ad@bdlegal.com | john.sheller@skofirm.com |
| | jeff.calabrese@skofirm.com |
| | steven.clark@skofirm.com |

and

Lane C. Siesky
Karolina Viehe
Douglas K. Briody
Siesky Law Firm, PC
4424 Vogel Road, Suite 405
Evansville, Indiana 47715
lane@sieskylaw.com
karolina@sieskylaw.com
doug@sieskylaw.com

*Counsel for Plaintiffs/Counter-Defendants*

*Counsel for Defendant/Counterclaimant* (appears beside opposing counsel block)

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing was served via the Court's electronic filing system, which will send notification to all counsel of record.

*s/Steven T. Clark*
*Counsel for Defendant/Counterclaimant*

120863.157164/8015356.1